UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN WESTERN THOMAS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
    _____/

File No. 1:08-CV-307

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Movant John Western Thomas's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court. For the reasons that follow, this motion will be denied.

### I.

Movant was indicted on March 10, 2005, for: (1) possession with intent to distribute 100 or more grams of cocaine base in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a) and 841(b)(1)(B)(ii) ("Count 1"); and (2) being a felon in possession of ammunition in violation of 18 U.S.C. §§ 921(a), 922(g)(1), and 924(a)(2) ("Count 2"). (File No. 1:05-CR-53, Dkt. No. 1.) On November 3, 2005, the government filed a notice, pursuant to 21 U.S.C. § 851(a)(1), indicating that Movant had two prior felony drug convictions and was therefore subject to a mandatory life sentence if convicted as to Count 1. (File No. 1:05-CR-53, Dkt. No. 45.) On November 29, 2005, a jury found Movant guilty as to Count 1 and not guilty as

to Count 2. This Court, on February 22, 2006, sentenced Movant to a mandatory term of life imprisonment. *United States v. Thomas*, File No. 1:05-CR-53 (W.D. Mich. Feb. 22, 2006). Movant's conviction and sentence were affirmed on appeal. *United States v. Thomas*, File No. 06-1288 (6th Cir. filed Feb. 24, 2006). On March 26, 2007, the Supreme Court denied Movant's petition for a writ of certiorari. Movant filed his § 2255 motion on March 26, 2008. On April 22, 2008, this Court granted Movant's motion to amend his brief. (Dkt. No. 7.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it

amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows either: (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.* To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of

3

the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

Movant seeks relief on six distinct grounds: (1) the District Court lacked federal jurisdiction, and counsel was ineffective for failure to raise the jurisdictional issue prior to trial; (2) Movant was entitled to a hearing, under *Franks v. Delaware*, 438 U.S. 154 (1978), to determine the veracity of statements made in the affidavit in support of the search warrant; (3) Movant was subjected to selective prosecution on account of his race, and counsel was ineffective for failure to object; (4) Movant was denied a fair trial because of prosecutorial misconduct, and counsel was ineffective for failure to object; (5) the District Court erred in failing to advise the jury that the statements of attorneys are not evidence, and counsel was ineffective for failure to object; (6) the District Court erred in concluding that Movant's drug possession offense qualified as a predicate felony under 18 U.S.C. § 924(c) in the absence of proper notice under 21 U.S.C. § 851(a), and counsel was ineffective for failure to object. (Dkt. No. 8, Am. Br. in Supp. of Mot.)

Movant did not raise any of these claims on appeal. Thus, all of them except the ineffective assistance of counsel claims are procedurally defaulted unless Movant shows either: (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United*

*States*, 538 U.S. 500, 504 (2003). To satisfy the "cause" test, Movant must show that "'some objective factor external to the defense'" kept him from raising the issue earlier. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Movant fails to offer proof of any cause that prevented him from raising any of these issues on appeal, nor does he offer proof of actual innocence. Thus, the Court finds all of his contentions procedurally defaulted, with the exception of his ineffective assistance of counsel claims. However, even if the Court did not find Movant's claims defaulted, the Court finds that Movant's claims are without merit.

**A. Ground 1: Lack of Federal Jurisdiction and Counsel's Failure to Object**

Movant first contends that the District Court lacked federal jurisdiction to prosecute him. Movant argues that the government only charged him with the ammunition charge, on which he was found not guilty, to obtain federal jurisdiction. (Dkt. No. 8, Am. Br. in Supp. of Mot. 4.) However, federal jurisdiction also existed independently for the possession with intent to distribute charge. *See United States v. Tucker*, 90 F.3d 1135, 1139-41 (6th Cir. 1996) ("[D]rug trafficking is an 'economic enterprise' that substantially affects interstate commerce in numerous clear ways." (quoting *United States v. Lopez*, 514 U.S. 549, 559 (1995))). Because the Court had independent federal jurisdiction over both criminal charges, Movant's argument is without merit.

The Court also finds Movant's ineffective assistance of counsel claim to be without merit. To make out a claim of ineffective assistance of counsel, Movant must show that

counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Counsel's failure to raise an erroneous jurisdiction argument was objectively reasonable and did not prejudice Movant.

## B. Ground 2: Denial of a *Franks* Hearing

Movant next claims that he should have been afforded a hearing, under *Franks v. Delaware*, 438 U.S. 154 (1978), to determine if his Fourth Amendment right against unreasonable search and seizure was violated. The Court finds that Movant failed to meet the burden to warrant a *Franks* hearing. A *Franks* hearing is only provided if: (1) there is a substantial preliminary showing that a false statement knowingly, intentionally, or recklessly was included by the affiant; and (2) the false statement is necessary to the finding of probable cause. 438 U.S. at 155-56. "'The duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.'" *United States v. Laughton*, 409 F.3d 744, 747 (6th Cir. 2005) (quoting *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983)). In this case, whether or not the affiant included knowingly false information about the tipster is irrelevant. Although the affidavit for the search warrant includes information from the tipster, the affidavit relies primarily on two separate trash pulls which produced numerous sandwich bags with white residue and leafy material which tested positive for cocaine and marijuana. (Dkt. No. 8, Ex. 2.) The Court finds that this evidence

is enough on its own to support a finding of probable cause and the denial of a *Franks* hearing.

**C. Ground 3: Selective Prosecution and Counsel's Failure to Object**

Movant also argues that he was selectively prosecuted because of his race and that his counsel was ineffective for failing to file a timely challenge to this selective prosecution. The Court finds this claim to be without merit. Movant alleges that his case was transferred from state to federal court as part of Project Safe Neighborhood but does not support this allegation with any evidence. (Dkt. No. 8, Am. Br. in Supp. of Mot. 9.) The Assistant United States Attorney ("AUSA") who prosecuted Movant has averred that the case was never a part of the Project Safe Neighborhoods program, and there is no evidence to the contrary. (Dkt. No. 9, Attach. 1, Courtade Aff.)

Furthermore, Movant does not satisfy either prong of the high burden necessary to establish selective prosecution. "To prevail on a selective prosecution claim, a defendant must show that the federal prosecutorial policy had both a discriminatory effect and a discriminatory intent." *United States v. Jones*, 159 F.3d 969, 976 (6th Cir. 1998). To satisfy discriminatory intent, "a claimant must show that the prosecutorial policy was motivated by racial animus." *Id.* Movant supports his contention with a list, which includes the race of each defendant, of pending firearm cases in Detroit and Flint as of April 22, 2008. (Dkt. No. 8, Ex. 1.) However, the fact that a disproportionate number of African-Americans are charged in firearm cases in two cities outside of the Western District of Michigan does not

7

show racial animus in prosecutions in those two regions, let alone in the region at hand. Nor does it establish discriminatory effect because it does not show that "similarly situated non-African-Americans were not recommended for federal prosecution." *United States v. Jones*, 399 F.3d 640, 646 (6th Cir. 2005).

As with Movant's first ineffective assistance of counsel claim, the Court also finds that counsel was objectively reasonable and did not prejudice Movant by failing to raise a selective prosecution argument.

**D. Ground 4: Prosecutorial Misconduct and Counsel's Failure to Object**

Movant's fourth contention is that he was denied a fair trial and that his Fifth Amendment right to due process was violated as a result of the prosecutor making numerous personal comments that took on the appearance of vouching for witnesses. Movant further avers in an affidavit that the prosecutor, in violation of an agreement between the parties, used statements at trial that Movant made during a polygraph examination. (Dkt. No. 8, Ex. 4.) "To constitute a due process violation, prosecutorial misconduct must be 'of sufficient significance to result in the denial of the defendant's right to a fair trial.'" *Greer v. Miller*, 483 U.S. 756, 765 (1987) (quoting *United States v. Bagley*, 473 U.S. 667, 676 (1985)). Movant alleges that every defense witness was either called a liar or inferred to be one. (Dkt. No. 8, Am. Br. in Supp. of Mot. 10.) However, Movant fails to provide any instance of improper behavior. The excerpted trial transcript Movant attached to his brief was a cross-examination by his own counsel of a witness for the government. (Dkt. No. 8,

Ex. 3.) Reviewing the entire transcript of the trial, the Court does not find any objectionable questions or statements that may have resulted in the denial of Movant's right to a fair trial.

As for Movant's allegations concerning the polygraph examination, the AUSA's affidavit directly contradicts Movant's affidavit and states that there was no agreement. (Dkt. No. 9, Attach. 1, Courtade Aff.) The Court finds that Movant's assertion regarding the existence of an agreement, without any supporting evidence, is "inherently incredible" and cannot be accepted as true. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

As a result of finding Movant's contentions erroneous, the Court finds that counsel's failure to object on the ground of prosecutorial misconduct was objectively reasonable and did not prejudice Movant.

**E. Ground 5: Improper Jury Instruction and Counsel's Failure to Object**

Movant's fifth contention is that the District Court erred in not instructing the jury that the statements of attorneys are not evidence and that his counsel was ineffective for failing to object. However, Movant's contention is directly contradicted by the record and without merit. The Court instructed the jury that "[t]he lawyers' statements, their arguments are not evidence . . . ." (File No. 1:05-CR-53, Dkt. No. 76, Jury Instruction Tr. 53.)

The Court also finds, as a result, that Movant's counsel was objectively reasonable in not objecting to the jury instructions and that this behavior did not prejudice Movant.

**F. Ground 6: Sentencing Enhancement Error and Counsel's Failure to Object**

Finally, Movant contends that the District Court erred in concluding that Movant's

drug possession qualified as a predicate felony under 18 U.S.C. § 924(c). Movant also contends that the government did not file the requisite notice to enhance Movant's sentence under 21 U.S.C. § 851(a)(1). Movant errs in citing 18 U.S.C. § 924(c), which played no role in his sentencing enhancement. Rather, Movant's sentence was enhanced under 21 U.S.C. § 841(b)(1)(A), which states that "[i]f any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release." As for the requirement of notice, 21 U.S.C. § 851(a)(1) provides that:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

Movant's contention that he never received proper notice is not supported by the record. On November 3, 2005, eighteen days before trial began, the government filed a notice of prior convictions that would be relied upon to seek the mandatory term of life imprisonment specified in 21 U.S.C. § 841(b)(1)(A). (File No. 1:05-CR-53, Dkt. No. 45.) Additionally, the AUSA avers that on that same date both he and defense counsel advised Movant that he faced a mandatory life sentence if convicted. (Dkt. No. 9, Attach. 1, Courtade Aff.)

As a result, the Court also finds that counsel was objectively reasonable and did not prejudice Movant by failing to object to the mandatory life sentence.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims debatable or wrong. Accordingly, a certificate of appealability will also be denied.

An order and judgment consistent with this opinion shall be entered.


Dated: June 7, 2010               /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE